## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Mark Kersey, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15cv133 (TSE/MSN) |
| | ) | |
| Keith Davis, | ) | |
|     Respondent. | ) | |

### MEMORANDUM OPINION

Mark Kersey, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction in the Circuit Court for the City of Norfolk of aggravated malicious wounding and first degree murder. Petitioner has paid the applicable filing fee. On May 5, 2015, respondent filed a Rule 5 Answer and a Motion to Dismiss with a supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and after receiving an extension of time he filed a reply to the Motion to Dismiss on June 16, 2015. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed, with prejudice.

### I. Background

On August 8, 2011, a City of Norfolk jury convicted petitioner of: (I) the aggravated malicious wounding of Brandon Franklin and (ii) the first degree murder of Lemar Woodward. As a result, petitioner received a total sentence of seventy (7) years incarceration. Case No. CR09003300; Resp. Ex. A. The facts giving rise to petitioner's convictions were described by the Court of Appeals of Virginia as follow:

On July 21, 2009, Taneisha Woodard (Taneisha) had an argument with her child and the child left the house. Taneisha also left the house. Taneisha is appellant's sister, and she was married to Lemar Woodard (Woodard), the victim of the murder. Derrick Bunch, Woodard's brother, testified he was at Woodard's house with Woodard and Brandon Franklin, the victim of the aggravated malicious wounding, when appellant's girlfriend, Taishia Roseman (Roseman) and additional females arrived during the late afternoon asking about Taneisha's child. Bunch testified Roseman was angry and said that Woodard was not a good parent because he permitted the child to run away. Burch testified Roseman said to Woodard, 'You're a bitch. We'll be back. You ain't gonna do nothing next time we come back.' Roseman and the other females left.

Bunch testified he, Woodard, and Franklin went to the basement and were sitting on a sofa when appellant and another man entered the basement at approximately 6:30 p.m. Bunch testified appellant told Woodard that he needed to talk to him and Woodard replied, 'It takes two of you all to talk to me?" Bunch testified as Woodard started to stand up, appellant punched Woodard several times. Bunch testified Franklin stood up and grabbed appellant from the back. Bunch testified he tried to break up the fight and at a certain point, the fighting stopped. [After a verbal argument, however] Bunch testified appellant grabbed Woodard and they fell onto the sofa and he tried to break up the fight. Bunch testified Woodard told him to pick up a television and drop it on appellant's head, but Bunch refused. Bunch testified appellant and Woodard stopped fighting and the men stood near each other and the women were behind them. Bunch testified appellant was facing Woodard and Franklin when he saw appellant holding a pocket knife by his side and he asked appellant to put the knife away. Bunch testified appellant 'tucked away the knife and he did not see it.' Bunch testified he, Woodard and Franklin were unarmed. Bunch testified appellant turned, stabbed Woodard, turned toward Franklin, and stabbed Franklin. Bunch testified appellant stated, 'Bitch. You all going to die. Somebody going to die tonight penitentiary style.' ...

Kersey v. Commonwealth, R. No. 2567-10-1 (Va. Ct. App. Sept. 9, 2011); Resp. Ex. C.

Petitioner appealed his conviction and sentence to the Court of Appeals of Virginia, asserting that:

1.   The trial court erred in refusing to instruct the jury on

the right to arm oneself in self-defense.

    2.      The evidence was insufficient to show that there was a permanent and significant physical impairment to support the conviction of malicious wounding.

    3.      His right to a speedy trial as guaranteed by Va. Code §19.2-243 was violated.

The Virginia Court of Appeals denied the petition for appeal in part, but granted petitioner an appeal on the claim of the sufficiency of the evidence to sustain the malicious wounding conviction. Resp. Ex. B-C. After briefing and oral argument, the Court of Appeals affirmed petitioner's conviction and sentence. Kersey v. Commonwealth, R. No. 2567-10-1 (Va. Ct. App. July 10, 2012); Resp. Ex. D. On April 4, 2013, the Supreme Court of Virginia refused Kersey's petition for further review. Kersey v. Commonwealth, R. No. 121560 (Va. Apr. 4, 2013).

On November 4, 2013, petitioner filed a petition for a writ of habeas corpus in the City of Norfolk trial court, which including a supplement to the petition raised the claims that:

    A.      Counsel obtained petitioner's signature on a continuance order through intentional deception.

    B.      Counsel failed to subject the prosecution to adversarial testing.

    C.      Counsel erroneously invoked the defense of self-defense.

    D.      Counsel added unsupported facts to the record.

    E.      Counsel failed to request an jury instruction on abolition of parole.

    F.      Appellate counsel adopted trial counsel's arguments without thoroughly reviewing the record.

    G.      Appellate counsel failed to argue petitioner's claims as constitutional violations.

3

H.      His Sixth Amendment right to a speedy trial was violated.

I.      Counsel was ineffective for failing to strike juror Newton and to ensure that the jury was not biased.

The Virginia Court of Appeals by a Final Order dated April 9, 2014, denied habeas relief and dismissed the petition. In this respect, the Court of Appeals determined claim H to be procedurally defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974) because on appeal petitioner raised the alleged speedy trial violation only as a state statutory violation rather than a breach of the Sixth Amendment. Resp. Ex. I at 3. The Virginia Court of Appeals found the remaining claims asserting ineffective assistance of trial and appellate counsel to be without merit. Kersey v. Warden, Sussex I State Prison, R. No. CL13-8534; Resp. Ex. I. On November 17, 2014, the Supreme Court of Virginia refused a petition for appeal of that judgment. Kersey v. Davis, R. No. 141040 (Va. Nov. 17, 2014); Resp. Ex. J.

Petitioner then turned to the federal forum and timely filed here the instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254. The claims asserted here are similar, but not identical to those raised on direct appeal in the state court and in the state habeas proceeding. The claims asserted here are as follow:

1.      Petitioner's right to a speedy trial as guaranteed by the Sixth Amendment and the Virginia Constitution was violated.

2.      Petitioner's rights to due process and equal protection were violated when the trial court refused to instruct the jury on self-defense.

3.      Petitioner's rights to due process and equal protection were violated when he was convicted of aggravated malicious wounding in the absence of sufficient evidence of the victim's permanent and significant impairment.

4

4.      Trial counsel was ineffective for obtaining petitioner's signature on a continuance order through intentional deception.

5.      Trial counsel was ineffective for failing to subject the prosecution to adversarial testing by:

   a.   failing to impeach Derrick Bunch;

   b.   failing to obtain an expert to challenge the pathologist's findings;

   c.   allowing the pathologist to testify that Woodard died of a punctured lung;

   d.   failing to present rebuttal argument;

   e.   conceding the chain of custody as to the body;

   f.   failing to obtain a private investigator; and

   g.   all of the foregoing, cumulatively.

6.      Trial counsel was ineffective for erroneously invoking the defense of self-defense.

7.      Trial counsel was ineffective for adding unsupported facts to the record.

8.      Trial counsel was ineffective for  failing to request a jury instruction on abolition of parole.

9.      Appellate counsel was ineffective for adopting trial counsel's arguments without thoroughly reviewing the record.

10.     Appellate counsel was ineffective for failing to argue petitioner's claims as constitutional violations.

11.     Trial counsel was ineffective for failing to strike juror Newton and to ensure that the jury was not biased.

5

As noted above, respondent has filed a Motion to Dismiss the petition with a supporting brief and exhibits, and petitioner has filed a reply. Dkt. No. 10-12, 20. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed, with prejudice.

## II. Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must have presented to the Supreme Court of Virginia the same factual and legal claims raised in his § 2254 application here. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995); Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002).

However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). Therefore, such a claim is deemed to be simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). In this case, petitioner's unexhausted claims must be

6

treated as exhausted because petitioner is now precluded from raising them in state court by Va. a Code § 8.01-654(B)(2), which bars successive state habeas applications. The Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state-law ground for decision," Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997). Because "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim," Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)), the unexhausted claims of this petition are procedurally defaulted from federal consideration.

In addition, where as here, a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides and independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal claim." Breard v. Pruett, 135 F.3d 615, 619 (4th Cir.), cert. denied sub nom., Breard v. Greene, 523 U. S. 371 (1998). Thus, "[a] habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default." Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir.), cert. denied, 519 U.S. 1002 (1996). A state procedural rule is "adequate if it is firmly established and regularly or consistently applied by the state courts, and "independent" if it does not depend upon a federal constitutional ruling. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998), cert. denied, 526 U.S. 1095 (1999). Pursuant to these principles, several of the claims or portions of the claims petitioner raises here are barred from federal review, as will be discussed below.

Federal courts may not review barred claims absent a showing of cause and prejudice or a

fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). It remains to apply these principles to the petitioner's claims.

Claim 1: In his first claim, petitioner argues that the state violated his right to a speedy trial as guaranteed by the Sixth Amendment and the Virginia Constitution. This claim fails in both respects.

In the state habeas corpus action, petitioner raised a federal constitutional challenge to the timing of his trial as claim H. Resp. Ex. I at 2. As noted above, the court in that proceeding found that the claim was procedurally defaulted pursuant to Slayton, 205 S.E.2d at 682, "because petitioner did not raise it at trial and on direct appeal." Id. at 3. The Fourth Circuit has recognized on numerous occasions that the rule enunciated in Slayton is an adequate and independent state law ground for decision. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) and cases cited. Thus, because petitioner's speedy trial claim based on the Sixth Amendment was "'clearly and expressly' denied on the independent, adequate state ground of procedural default," this claim is procedurally defaulted and thus barred from federal consideration. Bennett, 92 F.3d at 1343.

The portion of Claim 1 where petitioner argues that his right to a speedy trial as guaranteed by the "Virginia Constitution" was violated states no claim for §2254 relief because it

8

is not a claim of federal constitutional dimension. "A state prisoner is entitled to relief under §

2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the

United States.'" Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992) (quoting Engle v. Isaac,

456 U.S. 107, 119 (1982)).  Thus, questions of state law that do not implicate federal rights are

not cognizable on federal habeas review under § 2254. Id. (citing Inge v. Procunier, 758 F.2d

1010, 1014 (4th Cir. 1985)). Moreover, even if that portion of Claim 1 were cognizable in

substance, it still would be procedurally barred from federal review because it has not been

reviewed by the Virginia courts and would be subject to dismissal as successive if raised there

now.[1]  See Va. Code §8.01-654(b)(2);  Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997)

(determining the procedural bar of successive habeas applications in Va. Code  §8.01-654(B)(2)

to be a well-recognized adequate and independent ground).   Therefore, the second portion of

Claim 1 - that the state violated petitioner's Virginia constitutional right to a speedy trial - is

simultaneously exhausted and defaulted, and therefore procedurally barred from federal review.

See Coleman, 501 U.S. at 729-30.

    In his Traverse to Response to Order to Show Cause, petitioner argues that his speedy

trial claim was exhausted on direct appeal. Dkt. No. 20 at 13. However, as just discussed, the

argument presented there rested on the Virginia statutes rather than on any federally-guaranteed

right, so exhaustion for federal habeas corpus purposes was not achieved. Cf. Duncan, 513 U.S.

at 364. As petitioner makes no showing of cause and prejudice, claim 1 of this petition is

procedurally defaulted and therefore is not eligible for federal review. Harris, 489 U.S. at 260.

---

[1]It will be recalled that on direct appeal petitioner based his speedy trial argument on the Virginia
statutes, while here he relies on the federal and Virginia constitutions.

Claim 2: In his second claim, petitioner argues that he was deprived of due process and equal protection as provided by the United States Constitution when the trial court declined to instruct the jury on the right to arm oneself in self-defense. This claim, too, is simultaneously exhausted and defaulted, because petitioner challenged the court's ruling on the proffered instruction in the state habeas proceeding solely on the basis of Virginia law. Resp. Ex. B at 5-7. Moreover, assuming *arguendo* that it is appropriate to address the merits of petitioner's Claim 2, he would be entitled to no federal habeas relief. The propriety of state court jury instructions is a matter of state law, Chance v. Garrison, 537 F.2d 1212, 1215 (4th Cir. 1976), and "[i]t is only in circumstances where instructions impinge on fundamental fairness or infringe on specific constitutional or federal protections that a federal question is presented," such that relief under § 2254 would be available. Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). Neither of those exceptions applies here. Moreover, because petitioner's Traverse makes no showing of cause and prejudice, claim 2 is procedurally barred from consideration on the merits. Harris, 489 U.S. at 260.

Claims 5(e) and (f): Unlike the remainder of petitioner's assertions of ineffective assistance of counsel, subclaims 5(e) and (f) were never raised in the state habeas corpus proceeding.[2] In that action, petitioner never argued, as he does here, that counsel was required to, but did not, object to the chain of custody of the body (claim 5(e)) and obtain a private investigator (claim 5(f)). Thus, these two portions of claim 5 are simultaneously exhausted and defaulted for purposes of federal review. Bassette, 915 F.2d at 932.

In Martinez v. Ryan, ___ U.S. ___, 132 S.Ct. 1309 (2012) the Supreme Court:

> ... held that a federal habeas petitioner who seeks to raise an

---

[2]In his Brief, respondent mistakenly refers to these claims as 6(e) and 6(f).

otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the 'cause' for default 'consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding'; (3) 'the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim'; and (4) state law requires 'requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding.

Fowler v. Joyner, 753 F.3d 446, 461 (4th Cir. 2014), quoting Trevino v. Thaler, 569 U.S. at ___, 133 S. Ct. 1911, 1918 (2013). The Fourth Circuit has interpreted Martinez as creating a "narrow exception" to the general rule of Coleman, supra, which bars federal review of a claim that was not exhausted in the state courts. Fowler, 753 F.3d at 460-61. Here, the "narrow exception" of Martinez is unavailing as to both of petitioner's defaulted ineffective-assistance-of-trial-counsel claims, because in both instances, the allegations petitioner presents are not sufficiently "substantial" to come within the "narrow exception" created by Martinez. As the Court in that case stressed, "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318. It is the petitioner's burden to demonstrate that his claims are "substantial." Fowler, 753 F.3d at 461. Petitioner here fails to make such a showing.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all

the circumstances, "outside the range of professionally competent assistance." Id. at 690.  Such a

determination "must be highly deferential," with a "strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v.

Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in

scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its]

analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that

challenged acts are likely the result of sound trial strategy."). To satisfy Strickland's prejudice

prong, a "defendant must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Strickland, 466

U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the

outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the

petitioner to establish not merely that counsel's errors created the possibility of prejudice, but

rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with

errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations

omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct

elements of an ineffective assistance claim," and a successful petition "must show both deficient

performance and prejudice." Spencer, 18 F.3d at 233.  Therefore, a court need not review the

reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v.

Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

        In claim 5(e), petitioner argues that counsel provided ineffective assistance by failing to

object to the chain of custody of Lemar Woodard's body. However, the record reflects testimony

of the medical examiner that Woodard's cause of death was stab wounds to the chest (Tr. 347),

and that medical intervention in the form of removal of one of his lungs was performed at a

12

hospital prior to his death. Under such circumstances her testimony would not have been

excluded had counsel made the objection petitioner now suggests, so claim 5(e) is not

sufficiently substantial to warrant application of the Martinez exception.

In claim 5(f), petitioner faults counsel for failing to obtain the services of a private

investigator. However, petitioner has failed to proffer an affidavit to establish what evidence an

investigator would have discovered and how that evidence would have affected the outcome of

the trial. Both Virginia and federal courts recognize the principle that failure to provide an

affidavit to verify the testimony of a missing witness is fatal to a habeas petitioner's claim of

ineffective assistance. Bassette, 915 F.2d at 941 (in the absence of particulars as to what an

adequate investigation would have revealed or a proffer of what absent witnesses would have

said, a claim of ineffective assistance based on general assertions that additional witnesses should

have been called will not lie); Muhammad v. Warden, 274 Va. 3, 19, 646 S.E.2d 182, 195

(2007) (failure to proffer affidavits regarding testimony witness would have offered is fatal to

Strickland claims). Accordingly, claim 5(f) is not substantial, and Martinez does not apply to

excuse its default. In summary, then, claims 1, 2, 5(e) and 5(f) of the petition are procedurally

defaulted and hence barred from federal habeas review.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant the petition based on the claim unless the state court's adjudication

is contrary to, or an unreasonable application of, clearly established federal law, or based on an

unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is

"contrary to" or "an unreasonable application of" federal law requires an independent review of

each of these requirements. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court

13

determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### IV. Analysis

Claim 3: In his third claim, petitioner asserts that the evidence was insufficient to sustain the conviction of aggravated malicious wounding because there was no showing that the victim, Franklin, sustained permanent and significant impairment. When he made this same argument on direct appeal, the Court of Appeals rejected it on the following holding:

> "To be convicted of aggravated malicious wounding under Code §
> 18.2-51.2, the injuries inflicted on the victim must be both a
> 'significant physical impairment' and 'permanent.' Case law defines
> 'physical impairment' for purposes of this criminal statute as 'any
> physical condition, anatomic loss, or cosmetic disfigurement.'"
> Lamm v. Commonwealth, 55 Va. App. 637, 644-45, 688 S.E.2d 295,
> 298 (2010) (quoting Newton v. Commonwealth, 21 Va. App. 86, 90,
> 462 S.E.2d 117, 119 (1995)).

> \*    \*    \*

> "On appeal, 'we review the evidence in the light most favorable to the
> Commonwealth, granting to it all reasonable inferences fairly

14

deducible therefrom." Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)(quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). So viewed, the evidence proved that appellant stabbed Franklin one time. Franklin testified he sustained a wound to his lung, was hospitalized for eleven days, and he had a slow recovery. Franklin testified he was in good physical shape prior to the stabbing because he was a boxer and ran as part of his training. Franklin testified he was back running at the time of appellant's trial, but he still needed to use a nebulizer. Franklin showed his scar to the jury, which was approximately one inch in length. Franklin testified his lung 'was fine now.' Photographs of Franklin in the hospital were admitted into evidence.

During the motion to strike, appellant conceded that Franklin was severely injured and he has a physical impairment, but argued that he did not have a "significant" physical injury from the stabbing. The trial judge denied the motion to strike the aggravated element of the malicious wounding charge, finding that it was a question for the jury. Appellant claims no error related to the jury instruction defining physical impairment. The trial judge also instructed the jury on the lesser-included offenses of malicious wounding and unlawful wounding.

The jury heard and evaluated Franklin's testimony, reviewed the photographs, and saw his scar from the stab wound to his lung. The jury could reasonably conclude that Franklin had a permanent and significant impairment as a result of the stabbing. The trial judge did not err in denying the motion to strike and in permitting the jury to determine whether Franklin suffered a significant physical impairment.

Kersey v. Commonwealth, Resp. Ex. C, slip op. at 4-5. Because the foregoing order was the last reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis

original). The federal court is required to give deference to findings of fact made by the state

courts, and this presumption of correctness applies to facts found by both trial and appellate

courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v.

Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992)

for the holding that a federal habeas court is prohibited from either "considering] anew the jury's

guilt determination or "replac[ing] the state's system of direct appellate review"). In short, the

federal court must determine only whether the trier of fact made a rational decision to convict.

Herrera v. Collins, 506 U.S. 390, 402 (1993). Here, for the reasons amply explained by the

Court of Appeals in its opinion, it is apparent that when the evidence is viewed in the light most

favorable to the prosecution and deference is paid to the jury's factual determinations, a rational

trier of fact could well have found petitioner guilty of malicious wounding. Therefore, the state

courts' determination that the conviction is supported by sufficient evidence was neither contrary

to, nor an unreasonable application of, controlling federal law, Jackson, supra, nor was it based

on an unreasonable interpretation of the record facts. Accordingly, the same result is compelled

here, and therefore this claim merits no federal habeas relief. Williams, 529 U.S. at 412 - 13.

Claim 4: In claim 4, petitioner argues that counsel obtained his signature on a

continuance order through intentional deception. When he made this same claim in his state

habeas corpus action, it was rejected on the following holding:

> [P]etitioner alleges counsel was ineffective because his attorney,
> Cynthia Garris, obtained his signature to a continuance order on
> November 3, 2009, 'by fraud and deception' when petitioner did not
> want to continue his case to a different trial date. The Court finds that
> Petitioner has failed to satisfy either prong of the Strickland test.
>
> The decision whether to request a continuance is a tactical decision

16

that cannot be second-guessed in habeas corpus. Thus, counsel did not need petitioner's approval to ask for a continuance. 'The orderly administration of justice requires that tactical matters, such as continuances, be left with counsel.' <u>Stockton v. Commonwealth</u>, 227 Va. 124, 141, 314 S.E.2d 371, 382 (1984). Moreover, the record demonstrates that counsel was appointed to represent the petitioner on October 21, 2009. Thus, it was unreasonable for petitioner to have expected Garris to be prepared for trial in a complex murder and malicious wounding case two weeks after her appointment to the case, by November 3, 2009. Petitioner has also failed to demonstrate a reasonable probability of a different result had Garris not requested a continuance. In addition, the record reflects that the matter was continued at least on other time, on June 10, 2010, after petitioner was represented by a new attorney.

Resp. Ex. I at 5-6.  This holding subsequently was affirmed by the Supreme Court of Virginia

without written explanation. Resp. Ex. J; <u>see</u> <u>Ylst</u>, 501 U.S. at 803.

The state courts' rejection of petitioner's claim was both factually reasonable and in

accord with applicable federal principles. Factually, as the court noted, attorney Garris was

appointed to represent petitioner at a trial for two serious felony offenses only two weeks before

the continuance at issue was requested, and under such circumstances the necessity for requesting

a continuance is obvious. In addition, federal law recognizes that "strategic choices made [by

counsel] after thorough investigation ... are virtually unchallengeable." <u>Gray v. Branker</u>, 529 F.3d

220, 229 (4th Cir.), <u>cert. denied</u>, 129 S. Ct. 1579 (2009), quoting <u>Strickland</u>, 446 U.S. at 690-91.

Continuances are "[s]cheduling matters" that are "plainly among those for which agreement by

counsel generally controls." <u>New York v. Hill</u>, 528 U.S. 110, 115 (2000).  Accordingly, because

the state courts' rejection of petitioner's fourth claim was both factually reasonable and in accord

with controlling federal principles, <u>see</u> <u>Strickland</u>, <u>supra</u>, the same result obtains here, and no

federal habeas relief is warranted. <u>Williams</u>, 529 U.S. at 412-13.

17

Claim 5: In his fifth claim, petitioner asserts that counsel provided ineffective assistance by failing to subject the state's evidence to meaningful adversarial testing. Specifically, he argues that counsel (a) failed to impeach Derrick Bunch; (b) failed to obtain an expert to challenge the pathologist's findings; (c) allowed the pathologist to testify that Woodard's cause of death was a punctured lung; (d) neglected to present rebuttal argument. He also contends that the cumulative effect of these errors prejudiced his position. The state habeas court expressly rejected each of these arguments.

As to claim 5(a), the state court found that counsel Daymen Robinson's alleged failure to impeach Derrick Bunch did not amount to ineffective assistance for the following reasons:

> Cross-examination is a matter of trial strategy which cannot be second-guessed in a collateral habeas proceeding. Sallie v. North Carolina, 587 F.2d 636, 640 (4th Cir. 1978) ... Moreover, a review of the record demonstrates that counsel thoroughly cross-examined the witness. Further, the alleged inconsistencies were not 'glaring' as petitioner alleges. The witness testified at both [sic] that he was holding his brother by his belt loop to keep him from fighting the petitioner. Bringing out testimony that he said [he] was not really holding his brother would not have added anything to petitioner's case. In any event, at least one other witness, Brandon Franklin, testified that petitioner stabbed two people.
>
> The Court [finds] petitioner has failed to prove deficient performance or prejudice and this portion of his claim is dismissed.

Resp. Ex. I at 8-9.

Federal law recognizes that "strategic choices made [by counsel] after thorough investigation ... are virtually unchallengeable." Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. As the Virginia court recognized in the foregoing order, cross-examination falls within the category of strategic decisions by counsel which will not support habeas relief. Sallie, 587 F.2d at 640. Even were

hat not so, petitioner's theory that further questioning of Derrick Bunch would have changed the outcome of his trial is fanciful. As reflected in the state court's order, Bunch testified that he was attempting to restrain his brother by holding his belt loop to keep him away from petitioner. Resp. Ex. K, Tr. 119-38, 120. Impeachment on this point would have been counterproductive, because Bunch's suggestion that his brother was acting in an aggressive manner tended to support petitioner's self-defense argument. Therefore, the state court's adjudication of this claim was both factually reasonable and in accord with Strickland, supra, and it must be allowed to stand. Williams, 529 U.S. at 412-13.

In claim 5(b), petitioner asserts that counsel provided ineffective assistance by failing to obtain an expert to challenge the pathologist's findings as to the cause of the malicious wounding victim's impairment. The state habeas court found no merit to this contention for the following reason:

> Petitioner further alleges counsel should have subpoenaed the malicious wounding victim's medical records and an expert medical witness to show that the victim's impairment came from a previous injury. The Court finds petitioner has failed to proffer by affidavit any expert testimony that would have shown that the victim's injury was not the result of being stabbed in the lung by the petitioner. His failure to do so is fatal to his claim.
>
>> [W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, a 'habeas court cannot even begin to apply Strickland's standards' because 'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance.'
>
> Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994) (citation omitted) ... Thus, petitioner has failed to prove deficient performance and this portion of his claim should be dismissed.

Resp. Ex. I at 9-10.

The Virginia Court of Appeals in its opinion concluded that the petitioner's failure to

provide an affidavit to verify the testimony of a missing witness, as required by settled authority,

was fatal to this claim of ineffective assistance. Id.; see Bassette, 915 F.2d at 941 (a claim of

ineffective assistance based on general assertions that additional witnesses should have been

called will not lie in the absence of a proffer of the absent witnesses would have said). Because

petitioner failed to proffer the substance of the testimony an expert witness would have offered to

rebut the pathologist's testimony, the denial of relief on claim 5(b) is in accord with that

principle, and the state courts' determination must be allowed to stand, and federal habeas relief

is unwarranted. See Williams, 529 U.S. at 412-13.

In claim 5(c), petitioner contends that counsel rendered constitutionally deficient

performance by failing to object to portions of the medical examiner's testimony as to the murder

victim's cause of death, and by allowing the pathologist to testify that the cause of death was a

punctured lung. The state habeas court rejected this contention, as follows:

> The Court finds petitioner has failed to prove either prong of
> Strickland. Petitioner fails to proffer any expert testimony that any of
> his theories regarding the cause of death are true, or that the testimony
> of the Commonwealth's expert was incorrect. See Muhammad, 274
> Va. at 18, 646 S.E.2d at 95. Without such a proffer his allegations are
> nothing more then speculation which fails to satisfy the demanding
> Strickland test.

Resp. Ex. I at 10. As with claim 5(b), here, too, the absence of a proffer of expert testimony to

substantiate his contention that the pathologist's opinion as to the cause of death was incorrect is

fatal to the claim under federal as well as state law. See Bassette, 915 F.2d at 941. Therefore,

because the state court's result as was both factually reasonable and in accord with controlling

federal principles, the same result must occur here. Williams, 529 U.S. at 412-13.

20

In claim 5(d), petitioner asserts without explanation that his attorney provided ineffective assistance by neglecting to present rebuttal argument. In the state habeas proceeding, petitioner argued that counsel should have offered an expert witness on rebuttal to challenge the pathologist's testimony. If he intends to make that same argument here, it fails for the reasons expressed in connection with claim 5(b) - namely, that he has not proffered the testimony of any such witness. Bassette, 915 F.2d at 941. To the extent that petitioner may intend to assert that counsel should have presented any other rebuttal evidence, such a claim would be both unexhausted and procedurally defaulted, as it has not been presented to the state courts. Id. at 932. In addition, since petitioner makes no proffer of what additional evidence he believes counsel should have offered in rebuttal, any such claim, even if it were cognizable on federal habeas review, would fail on the merits.[3]

In the concluding subsection of claim 5, petitioner argues that the cumulative effects of trial counsel's asserted errors amounted to ineffective assistance. It is settled under federal law that the cumulative effect of non-errors does not amount to error. See Fisher v. Angelone, 163 F.2d 835, 852 (4th Cir. 1998) (noting that, where it is determined that none of counsel's actions amounted to constitutional error, "it would be odd, to say the least, to conclude that those same actions, when considered collectively," deprived defendant of a fair trial); Mueller v. Angelone, 181 F.3d 557, 586 n. 22 (4th Cir. 1999) (same). Here, then, where none of counsel's challenged actions standing alone amounted to ineffective assistance, and where no prosecutorial misconduct occurred, their aggregate effect likewise did not amount to constitutional error. Accordingly, claim 5 as a whole warrants no federal relief.

---

[3]It will be recalled that two additional arguments made in connection with this claim are procedurally defaulted, as discussed supra.

21

Claim 6: In his sixth claim, petitioner charges counsel with providing ineffective assistance by failing to "conduct an appropriate factual/legal investigation" and erroneously invoking self-defense as petitioner's sole defense. Petitioner asserts that had counsel conducted an appropriate investigation, he would have presented a defense of manslaughter. The state court found this assertion to be without merit because "[t]he record demonstrates counsel argued both self-defense and heat of passion. Given the evidence presented at trial it was a reasonable tactical decision to present a self-defense argument." Resp. Ex. I at 12. That holding was based on a reasonable interpretation of the facts. First, the record confirms that counsel in fact did argue manslaughter to the jury, and the jury received a manslaughter instruction. Resp. Ex. K, T. at 597; Ex. H, Mo. to Dismiss, Sub-Ex. A. In addition, as discussed above, tactical decisions lie solely within the province of counsel, and generally will not support habeas relief. Gray, 529 F.3d at 229. Here, in light of the testimony that petitioner was attacked by several men and hit in the head with a television set, counsel's attempt to persuade the jury that petitioner was trying to defend himself when he stabbed the decedent was a reasonable trial strategy. Resp. Ex. K, T. at 593. Thus, the state court's denial of relief on this claim was in accord with these federal principles, and the claim must likewise be dismissed here. Williams, 529 U.S. at 412-13.

Claim 7. In his seventh claim, petitioner argues that counsel "erroneously added damaging unsupported facts to the record." The Norfolk Circuit Court on habeas review disagreed for the following reasons:

> Petitioner contends that counsel should not have conceded in a motion to set aside the verdict that petitioner was armed with a pocket knife when he went to the house where the stabbings took place. Petitioner alleges that, had counsel not conceded that issue, he might have prevailed on appeal. Petitioner is simply incorrect. Several witnesses testified that petitioner stabbed two people with a pocket knife. Given that there was no evidence at trial that the knife came

22

> from someone present at the home it was a reasonable inference that
> petitioner had the knife prior to his arrival and any argument to the
> contrary had no reasonable chance of success.
>
> Counsel's concession therefore was reasonable and his attempt to
> obtain a right to arm instruction was reasonable under the facts in the
> case. Moreover, 'counsel is not ineffective merely because he
> overlooks one strategy while vigilantly pursuing another.' Williams
> v. Kelly, 816 F.2d 393, 950 (4th Cir. 1987).

Resp. Ex. I at 12.

Petitioner's assertion that counsel "added damaging unsupported facts to the record" is

specious. In fact, several witnesses testified at trial that they saw petitioner with a knife, and that

no one else who was in the house when the crimes took place was armed. Rep. Ex. K, T. at 105-

06, 242. Under such circumstances, the state habeas court's conclusion that counsel did not

provide ineffective assistance when he acknowledged that petitioner was armed with a pocket

knife was both factually reasonable and in accord with applicable federal authorities. Strickland,

supra. Accordingly, the state habeas court's ruling must be allowed to stand, and no basis for

federal habeas relief exists. Williams, 529 U.S. at 412-13.

Claim 8: In his eighth claim, petitioner faults trial counsel for failing to request a jury

instruction on the abolition of parole. However, contrary to petitioner's assertion, the state habeas

court determined, and the record reflects, that the jury actually did receive such an instruction.

Resp. Ex. I at 13; Ex. H, Sub-Ex. B. Therefore, no extended discussion is required to determine

that claim 8 warrants no relief.

Claim 9: In his ninth claim, petitioner contends that appellate counsel rendered

ineffective assistance by failing to perform a thorough and independent review of the record

before adopting the argument trial counsel made in the motion to set aside the verdict. The state

habeas court dismissed the claim on the following holding:

In claim F, petitioner alleges appellate counsel should have more thoroughly examined the record. He alleges that, that he done so, he would have argued that petitioner was not armed when he entered the residence. Petitioner has failed to satisfy either prong of the Strickland test.

Counsel was not ineffective for failing to present this argument on appeal. Counsel's choice of which issues to raise on appeal is virtually unassailable. See Jones v. Barnes, 463 U.S. 745 (1983) (counsel cannot be found ineffective for failing to raise every non-frivolous issue identified by defendant); Townes v. Commonwealth, 234 Va. 307, 320, 362 S.E.2d 650, 657 (1987) (appellate counsel decides what questions should be raised on appeal). This is true because 'appellate counsel is given significant latitude to develop a strategy that may omit meritorious claims in order to avoid burying issues in a legal jungle.' Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). 'The attorney need not advance every argument, *regardless* of merit, urged by the appellant and must play the role of an active advocate.' Fitzgerald v. Bass, 6 Va. App. 38, 56, 366 S.E.2d 615, 625 (1988) (quoting Evitts v. Lucey, 469 U.S. 387, 394 (1985)) (emphasis added). In other words, counsel is not constitutionally obligated to raise every possible claim on appeal and a failure to do so does not render counsel's performance deficient.

Petitioner has also failed to demonstrate Strickland prejudice. Given the evidence at trial, such a claim had no reasonable probability of success on appeal.

Resp. Ex. I at 14.

As the state habeas court recognized, the Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial. See Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987). For the reasons that are cogently discussed in its foregoing order, the state habeas court correctly applied that standard in dismissing petitioner's claim. Contrary to petitioner's apparent understanding, appellate counsel's selection of issues to present on appeal is constrained by the arguments counsel raised at trial. Va. Sup. Ct. Rules 5:25, 5A:18. Therefore, the state court's dismissal of this claim was both factually reasonable and in accord

with federal principles, and no federal habeas relief is warranted. <u>Williams</u>, 529 U.S. at 412-13.

Claim 10: In his tenth claim, petitioner alleges that he received ineffective assistance on appeal because appellate counsel failed to argue petitioner's claims as constitutional violations. As the state habeas court found:

> Petitioner has failed to demonstrate that there is any basis to 'federalize' his appellate claims. Moreover, it was counsel's choice which issues to raise on appeal. See <u>Jones v. Barnes</u>, 463 U.S. 745 (1983) ([the rule that] counsel cannot be found ineffective for failing to raise every non-frivolous issue identified by a defendant is virtually unassailable).
>
> Finally the Court finds petitioner has failed to demonstrate that raising constitutional claims would have led to a reasonable probability of a different result on appeal.

Resp. Ex. I at 15.

The state court's adjudication of this claim was both factually reasonable and in accord with the controlling principles of <u>Strickland, supra</u>. It is well established in this circuit that counsel is not required to make frivolous arguments in order to be effective. <u>Moody v. Polk</u>, 403 F.3d 141, 151 (4th Cir. 2005), <u>cert. denied</u>, 546 U.S. 1108 (2006). Petitioner here makes no plausible showing that framing his appellate claims as errors of constitutional dimension would have changed the outcome of the appeal, and he thus fails to demonstrate the prejudice required to satisfy the <u>Strickland</u> analysis. Accordingly, the state court's rejection of this claim warrants no federal habeas relief. <u>Williams</u>, 529 U.S. at 412-13.

Claim 11: In his eleventh claim, petitioner argues that trial counsel was ineffective for failing to strike juror Newton and to ensure that the jury was not biased. Petitioner contends that counsel should have eliminated Newton for cause based upon his statement during voir dire that two members of his family had been murdered. Pet. at unnumbered pp. 51-52. The state habeas

25

court found no merit to this argument for the following reasons:

> The record reflects that the jury clearly indicated they could provide petitioner a fair trial and follow the presumption of innocence. Thus, no further clarification was required. Further, petitioner has failed to proffer any evidence that the jury did not follow the instructions of the court.
>
> Nor is a prospective juror per se disqualified because a family member has been a victim of a violent crime. Mackall v. Commonwealth, 236 Va. 240, 252, 372 S.E.2d 759, 767 (1988). Finally, which jurors to strike with peremptory strikes was a tactical decision and [petitioner] has failed to failed to proffer any evidence that but for juror Newton's presence of [sic] the jury a reasonable probability exists of a different result.

Resp. Ex. I at 16.

The state habeas court's resolution of this claim was both factually reasonable and in accord with controlling federal principles. As the state habeas court observed, the trial record reflects that the jurors affirmed under oath that they would provide petitioner with a fair trial and would honor the presumption of innocence. Resp. Ex. K, T. at 21, 25. Federal law recognizes that juror impartiality is an issue of historical fact that is entitled to the § 2254(d) presumption of correctness where there is fair record support for the trial court's ruling. Patton v. Yount, 467 U.S. 1025 (1984). Pursuant to §2254(e)(1), such a presumption can be overcome only if the habeas applicant clearly and convincingly rebuts it. Here, juror Newton made no statements to indicate that he had "such fixed opinions that he could not judge impartially [petitioner's] guilt," Patton, 467 U.S. at 1035,   so nothing in the record calls into question the trial court's assessment that the jury could render an impartial verdict. Petitioner has come forward with nothing more than speculation to overcome that presumptively correct determination. Under these circumstances, the state habeas court's rejection of petitioner's contention that counsel rendered ineffective assistance by failing to strike juror Newton to insure an impartial jury was

Case 1:15-cv-00133-TSE-MSN   Document 21   Filed 02/25/16   Page 27 of 27 PageID# 467

both factually reasonable and in accord with Strickland, supra, and it must remain undisturbed.

Therefore, no federal habeas relief is warranted.  Williams, 529 U.S. at 412-13.

**V. Conclusion**

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this

petition must be dismissed with prejudice.  An appropriate Order and judgment shall issue.

Entered this ___25th___ day of ___Feb._____ 2016.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge